```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
KEMAR McGREGOR, SUCCESSOR TO            :
HAMMER MUSIK AND KINGSTON SONGS,        :
                                        :
                Plaintiff,              :           SUMMARY ORDER
                                        :           17-CV-3917 (DLI) (JO)
                                        :
            -against-                   :
                                        :
VP RECORDS, GREENSLEEVES RECORDS,       :
LTD., GREENSLEEVES PUBLISHING, LTD.,    :
STB MUSIC INC., WARNER MUSIC INC.,      :
WARNER MUSIC, ADA MUSIC UK, ADA         :
MUSIC, and ROYALTY NETWORK INC.,        :
                                        :
                Defendants.             :
------------------------------------------------------------ x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On January 30, 2017, Plaintiff Kemar McGregor ("Plaintiff"), as successor to Hammer Musik and Kingston Songs, brought this action in the United States District Court, Southern District of Florida, against VP Records, Greensleeves Records, Ltd., Greensleeves Publishing, Ltd., STB Music Inc., Warner Music Inc., Warner Music, ADA Music UK, ADA Music, (collectively, "Defendants"), and Royalty Network Inc.,[1] alleging copyright infringement, "accounting and credit,"[2] and contractual interference. *See* Compl., Dkt. Entry No. 1. The case was assigned to the Hon. Beth Bloom, U.S.D.J. for the Southern District of Florida.

Defendants moved to transfer the case to the Eastern District of New York, *see* Defs.' Mot. to Transfer, Dkt. Entry No. 38, and on June 30, 2017, Judge Bloom granted that motion, *see* Order on Mot. to Dismiss at 15, Dkt. Entry No. 52 (granting, *inter alia*, Defs.' Mot. to Transfer). The

---

[1] Royalty Network Inc. was voluntarily dismissed from this action on January 16, 2018. *See* Notice of Partial Voluntary Dismissal Without Prejudice, Dkt. Entry No. 90.
[2] This appears to be a breach of contract claim. *See* Compl. ¶¶ 65-68, Dkt. Entry No. 1.

basis for the transfer is a forum selection clause contained in a release and settlement agreement (the "Settlement Agreement") that emerged from a prior lawsuit in the Eastern District of New York, *VP Music Group, Inc., et al. v. Kemar McGregor, et al.*, No. 11-cv-2619 (JBW) (MDG). *See Id.* at 3, 8. Judge Bloom determined that the forum selection clause in the Settlement Agreement is valid, and is applicable to the instant action. *See Id.* at 8-13. In making this finding, the judge held that Plaintiff's claims in the instant action are encompassed by the Settlement Agreement. *See Id.* at 11 n.4.

Presently before the Court is Defendants' Motion to Dismiss the Complaint for Failure to State a Claim. *See generally*, Mem. in Support of Mot. to Dismiss for Failure to State a Claim, Dkt. Entry No. 68 ("Defs.' Mem."). Defendants argue that Plaintiff's claims are not properly alleged in the Complaint, pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). *See Id.* However, Defendants also argue that the instant action is barred by the Settlement Agreement. In response, Plaintiff seeks a "transfer" of this action to the Hon. Marilyn D. Go., U.S.M.J., arguing that under the Settlement Agreement, the parties have agreed to Judge Go's jurisdiction in particular. *See* Pl.'s Mot. to Transfer and Resp. to Defs.' Joint Mot. to Dismiss Pl.'s Compl. at 2-3, Dkt. Entry No. 73 ("Pl.'s Mot. and Resp."); Settlement Agreement ¶ 15, Dkt. Entry No. 38-3.

Reassignment to Magistrate Judge Go is not possible because she is retired and no longer assigned cases. Accordingly, Plaintiff's motion for reassignment to Magistrate Judge Go is denied. However, the Court declines to dismiss this action pursuant to Rule 12(b)(6) when Judge Bloom, Plaintiff, and all Defendants appear to agree that Plaintiff's claims are covered by the existing Settlement Agreement. Therefore, Defendants' motion to dismiss is denied in part and granted in part, in that the Court will not evaluate Defendants' arguments under Rule 12(b)(6), but agrees that Plaintiff's claims should be addressed by the magistrate judge pursuant to the Settlement Agreement. Accordingly, this matter is referred to the assigned magistrate judge, the Hon. James Orenstein for resolution pursuant to the Settlement Agreement and the issuance of a Report and Recommendation, if necessary.

SO ORDERED.

Dated: Brooklyn, New York
March 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge